UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CHADWICH GABLE,**             CASE NO.: 4:23-cv-489-MW-MAF

    **Plaintiff,**

v.

**WALT MCNEIL, in his Official Capacity as SHERIFF, LEON COUNTY, RYAN KESSLING, in his Individual Capacity,**

    **Defendants.**
_____/

## SECOND AMENDED COMPLAINT

Plaintiff, CHADWICH GABLE, hereby sues Defendant, WALT MCNEIL in his Official Capacity as SHERIFF, LEON COUNTY, and RYAN KESSLING, in his Individual Capacity, and alleges:

## NATURE OF THE ACTION

1. This is a civil action seeking monetary damages, declaratory judgment, and legal, equitable, and injunctive relief against Defendant. This is an action brought under the common law of the State of Florida, and the Fourth and Fourteenth Amendments to the United States Constitution, brought through 42 U.S.C. §1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to the Plaintiff by the Constitution and

laws of the United States, and by 42 U.S.C. §1988 which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. §1983.

2. This is an action involving claims which are, individually, in excess of Fifty Thousand Dollars ($50,000). This case was removed to this Court by the Defendant.

## PARTIES

3. At all times pertinent hereto, Plaintiff, CHADWICH GABLE, has been a resident of LEON County, FL. He is *sui juris*.

4. At all times pertinent hereto, Defendant, WALT MCNEIL in his official capacity, has been the Sheriff of Leon County, Florida. He operates the LEON COUNTY SHERIFF'S OFFICE in Leon County within the geographical boundaries of this Court.

5. At all times pertinent hereto, Defendant, RYAN KESSLING in his individual capacity, was a resident of the State of Florida and was employed by LEON COUNTY SHERIFF'S OFFICE as a Deputy. He is thus sui juris.

## CONDITIONS PRECEDENT

6. Written notices of intent to initiate litigation on Plaintiff's state law claims asserted herein, were submitted to Defendant Sheriff pursuant to 768.28(6), Florida Statutes.

## STATEMENT OF THE ULTIMATE FACTS

7. On November 14, 2019, while Plaintiff was being served with a warrant, Defendant Sheriff's deputies engaged in a pursuit of Plaintiff which culminated in Plaintiff falling over a fence and breaking his arm. Defendant Kessling was one of the deputies pursuing Plaintiff.

8. Plaintiff was on the ground by the time the deputies, including Kessling, got to him.

9. When the deputies, including Kessling, arrived where Plaintiff was lying face down on the ground, despite being advised that Plaintiff's arm was broken and being told by Plaintiff that he was in severe pain due to the break as he was screaming in pain, Kessling jumped on Plaintiff, snatched his arms behind his back and cuffed him anyway.

10. While Plaintiff was on the ground in handcuffs, Kessling then proceed to pull his pants down and battered him by hitting him in the ribs and kneeing him while he was restrained. Thereafter, the dogs used in pursuit of Plaintiff repeatedly bit Plaintiff on his bare buttocks, without restraint.

11. Kessling, together with the other deputies, then dragged Plaintiff to the waiting ambulance. While they were dragging Plaintiff, one deputy asked another, who is believed to be Kessling, if he had remembered to retrieve his body camera from where he had tossed it during the assault and battery.

12. After paramedics arrived on the scene, Kessling then refused to allow the paramedics to treat Plaintiff's broken arm or treat the dog bites, instead transporting him directly to the jail where the booking officer instructed that Plaintiff be taken to the hospital for treatment. Kessling outwardly complied but once they reached the hospital, he again refused to allow Plaintiff's arm to be treated, stating it had happened prior to the incident described above and was not his responsibility. Plaintiff was returned to the jail again without his broken arm being treated or properly set.

13. Once Plaintiff was returned to the jail, he was seen by one medic in the jail who also did not set Plaintiff's broken arm, and merely issued a sling. Upon information and belief, Defendant's jail did not have the capacity or ability to set Plaintiff's arm as that treatment would have been provided at the hospital. Because the hospital was the proper place to treat Plaintiff's arm and Defendant did not have the ability to do so properly, Plaintiff's arm was not properly treated then and has still not been properly treated to this day. He is still in pain due to Kessling blocking his ability to be treated at the hospital.

14. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## COMMON LAW NEGLIGENCE
### Against Defendant SHERIFF WALT MCNEIL

15. Paragraphs 1 through 14 are re-alleged and incorporated herein by reference.

16. This count sets forth a claim against Defendant SHERIFF WALT MCNEIL, in his official capacity, for common law negligence. Defendant SHERIFF knew or should have known that Plaintiff was within a zone of risk related to contact with its agents/employees. Kessling and other deputies at the scene with Plaintiff, as described above, were acting inside the course and scope of their employment with Defendant Sheriff at all times pertinent hereto. This Count is pled in the alternative.

17. Defendant SHERIFF MCNEIL owed a duty of care to Plaintiff due to the nature of the relationship between Plaintiff and Defendant SHERIFF MCNEIL and/or Defendant had a special relationship with Plaintiff and, consequently, a duty of care was attendant thereto. Alternatively, legal duties devolved upon Defendant SHERIFF because Plaintiff was in the foreseeable zone of risk to be harmed by the actions thereof.

18. Defendant SHERIFF owed a duty of care to Plaintiff such that he would not be injured by the actions of his deputies, like Kessling. Defendant breached that duty of care.

19. Defendant SHERIFF further breached its duty to ensure that Plaintiff received proper medical care but breached this duty by preventing/blocking Plaintiff from the care he needed.

20. The actions of Defendant SHERIFF and a complained of herein were "operational" functions, i.e., functions that were not necessary to or inherent in policymaking or planning, that merely reflected secondary decisions as to how policies or plans were to be implemented.

21. As a direct and proximate result of the above unlawful acts and omissions, Plaintiff sustained economic damages, including lost income, emotional pain, anguish, humiliation, insult, indignity, loss of self-esteem, bodily injury, inconvenience and hurt, all because of the actions of Defendant SHERIFF WALT MCNEIL and is therefore entitled to compensatory damages. These damages occurred in the past, at present and will certainly occur in the future.

**COUNT II
BATTERY
Against Defendant KESSLING**

22. Paragraphs 1 through 14 are realleged and incorporated herein by reference.

23. This count sets forth claims against Kessling for common law battery. This count is pled in the alternative, and for the purposes of this count alone,

Defendant Kessling was acting outside the course and scope of his employment with Defendant SHERIFF.

24. Plaintiff is entitled to relief against Defendant Kessling in that this Defendant, without justification or the Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner. Defendant intended to batter the Plaintiff. This unlawful touching of Plaintiff was also accomplished by Defendant without any justification. Defendant intended to cause harm to Plaintiff and/or knew or should have known there was substantial certainty that harm would occur.

25. Defendant acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of human rights and safety.

26. As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future.

## COUNT III
## BATTERY
### Against Defendant SHERIFF WALT MCNEIL

27. Paragraphs 1 through 14 are realleged and incorporated herein by reference.

28. This count sets forth a claim against Defendant SHERIFF for common law battery. For the purpose of this Count alone, Defendant Kessling and the other deputies at the scene with Kessling, as alleged herein, were acting inside the course and scope of their employment with Defendant SHERIFF

29. Plaintiff is entitled to relief against Defendant SHERIFF in that through his deputies, officers, employees and agents, Defendant, without justification or the Plaintiff's consent, touched Plaintiff's person in an offensive and harmful manner, in that Defendant Kessling battered Plaintiff, hit him and caused Plaintiff to sustain injuries. Defendant SHERIFF, through his agents and/or employees, intended to hit, push and otherwise batter Plaintiff. This unlawful touching was also accomplished by Defendant SHERIFF, through his agents and/or employees touching or contact with Plaintiff without any justification and in the absence of cause to touch or contact Plaintiff. Defendant SHERIFF intended to cause harm to Plaintiff or knew or should've known there was substantial certainty that harm would occur.

30. The actions by Defendant Kessling were committed as an agent of Defendant SHERIFF and were committed within the course and scope of his employment/agency with Defendant SHERIF.

31. As a direct and proximate cause of Defendant SHERIFF's actions, Plaintiff has been damaged, which damages include: mental anguish, pain and suffering, bodily injury, loss of capacity for the enjoyment of life, embarrassment,

humiliation, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future.

## COUNT IV
## <u>FOURTH AND FOURTEENTH AMENDMENT VIOLATION-EXCESSIVE FORCE</u>
## AGAINST DEFENDANT SHERIFF

32. Plaintiff re-alleges paragraphs 1 through 14 above and incorporates those allegations in this Count. This count is pled in the alternative.

33. This count sets forth a claim against Defendant for violation of the Fourth and Fourteenth Amendments of the U.S. Constitution, based on excessive force, which claims are brought through 42 U.S.C. §1983.

34. Defendant, through Kessling, used excessive force against Plaintiff, as set forth in part above, without justification, consent, cause or lawful authority.

35. Defendant intended to damage Plaintiff, in that his harmful acts were purposeful, and also in that such acts were substantially certain to result in injury and harm.

36. The Defendant acted to violate Plaintiff's right not to be subjected to the excessive use of force under the Fourth and Fourteenth Amendments to the United States Constitution. These violations were of the type and character as to which any reasonable person would be aware.

37. Defendants are liable, jointly and severally, to Plaintiff, for their conduct, individually and in concert, in violating Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

38. Defendant misused his power, possessed by virtue of state law and made possible only because of the authority of state law. The violation of Plaintiff's rights, as described in part above, occurred under color of state law, and is actionable under 42 U.S.C. §1983. Defendant is a person under applicable law.

39. The foregoing actions of Defendants were willful, wanton, and in reckless disregard of Plaintiff's rights, and were taken without any lawful justification.

40. The use of excessive force by Defendants is not part of the penalty that citizens have to pay prior to, during and/or after being charged with a juvenile or criminal offense, and determines a cognizable claim in violation of the Fourth Amendment.

41. Defendant knew or should have known that the actions against Plaintiff were excessive given the clearly established law.

42. Based upon the facts presented to Defendant and the applicable law, no reasonable person, company, government agency or law enforcement agency could have concluded that there existed any reasonable cause or legal basis for battering Plaintiff, allowing the dogs to bite him and refusing him medical care thereafter.

The law was settled and clearly established that the actions of Defendant constituted excessive force under the Fourth and Fourteenth Amendments at the time the acts were engaged in.

43. The actions or inactions of Defendant, set forth in part above, constituted deliberate indifference and/or reckless disregard for Plaintiff's constitutional rights when Defendants knew of and disregarded Plaintiff's rights, and thus Defendant's actions or inactions constituted the use of excessive force.

44. Defendants were acting under color of state law at all pertinent times. Their use of excessive force violated the proscription thereof set forth in the Fourth and Fourteen Amendments. Defendant misused his power, possessed by virtue of state law and made possible only because of the authority of state law.

45. Defendant had a custom and practice of excessive force against persons such as Plaintiff and, upon information and belief, the abuse of Plaintiff was not the first time that Kessling engaged in the excessive use of force. Defendant Sheriff ratified the actions of Kessling set forth more fully above. Specifically, after knowledge of Kessling's actions described above, Defendant Sheriff failed to investigate or discipline him or otherwise find that he did anything wrong. The failure to investigate or discipline Kessling shows that Defendant Sheriff found Kessling's actions acceptable and in accordance with the Sheriff's policies and that his actions are the way things are done within the Defendant.

46. Moreover, Kessling was a delegated final policymaker regarding the force used during the arrest, whether the dogs were permitted to bite Plaintiff and the medical care that he received upon arrival at the hospital. There was no supervisor who had to approve or otherwise authorize the actions by Kessling and he had the delegated final policymaking authority to take the unconstitutional actions involving Plaintiff as alleged herein. Moreover, Kessling's actions were not constrained by official policies nor were they subject to review.

47. The foregoing actions of Defendant were willful, wanton, and in reckless disregard of Plaintiff's rights.

48. As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include physical pain, mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendants are jointly and severally liable to Plaintiff under this count.

### COUNT V
### FOURTH AND FOURTEENTH AMENDMENT VIOLATION- EXCESSIVE FORCE
### AGAINST DEFENDANT KESSLING

49. Plaintiff re-alleges paragraphs 1 through 14 above and incorporates those allegations in this Count. This count is pled in the alternative.

50. This count sets forth a claim against Defendant for violation of the Fourth and Fourteenth Amendments of the U.S. Constitution, based on excessive force, which claims are brought through 42 U.S.C. §1983.

51. Defendant used excessive force against Plaintiff, as set forth in part above, without justification, consent, cause or lawful authority.

52. Defendant intended to damage Plaintiff, in that his harmful acts were purposeful, and also in that such acts were substantially certain to result in injury and harm.

53. The Defendant acted to violate Plaintiff's right not to be subjected to the excessive use of force under the Fourth and Fourteenth Amendments to the United States Constitution. These violations were of the type and character as to which any reasonable person would be aware.

54. Defendants are liable, jointly and severally, to Plaintiff, for their conduct, individually and in concert, in violating Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

55. Defendant misused his power, possessed by virtue of state law and made possible only because of the authority of state law. The violation of Plaintiff's rights, as described in part above, occurred under color of state law, and is actionable under 42 U.S.C. §1983. Defendant is a person under applicable law.

56. The foregoing actions of Defendants were willful, wanton, and in reckless disregard of Plaintiff's rights, and were taken without any lawful justification.

57. The use of excessive force by Defendants is not part of the penalty that citizens have to pay prior to, during and/or after being charged with a juvenile or criminal offense, and determines a cognizable claim in violation of the Fourth Amendment.

58. Defendant knew or should have known that the actions against Plaintiff were excessive given the clearly established law.

59. Based upon the facts presented to Defendant and the applicable law, no reasonable person, company, government agency or law enforcement agency could have concluded that there existed any reasonable cause or legal basis for battering Plaintiff, allowing the dogs to bite him and refusing him medical care thereafter. The law was settled and clearly established that the actions of Defendant constituted excessive force under the Fourth and Fourteenth Amendments at the time the acts were engaged in.

60. The actions or inactions of Defendant, set forth in part above, constituted deliberate indifference and/or reckless disregard for Plaintiff's constitutional rights when Defendants knew of and disregarded Plaintiff's rights, and thus Defendant's actions or inactions constituted the use of excessive force.

61. Defendant was acting under color of state law at all pertinent times. His use of excessive force violated the proscription thereof set forth in the Fourth and Fourteen Amendments. Defendant misused his power, possessed by virtue of state law and made possible only because of the authority of state law.

62. The foregoing actions of Defendants were willful, wanton, and in reckless disregard of Plaintiff's rights.

63. As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include physical pain, mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments. These damages have occurred at present, in the past and will most likely occur in the future. Defendants are jointly and severally liable to Plaintiff under this count.

## COUNT VI
## DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS
### Against Defendant KESSLING

64. Plaintiff re-alleges paragraphs 1 through 14 as if fully set forth herein.

65. At all times material, Defendant had a duty under the Constitution of the United States of America to provide adequate medical care to those inmates, including Plaintiff, in the custody of Defendant Sheriff.

66. At all times material, Defendant had a duty under the Fourteenth Amendment to the United States Constitution, not to be deliberately indifferent to the known serious medical needs of inmates in the custody of the Defendant Sheriff.

67. Defendant denied Plaintiff medical care for his broken arm which left Plaintiff in severe pain and with permeant damage including but not limited to pain and an improper healing requiring surgery.

68. Defendant Kessling was deliberately indifferent to Plaintiff's medical needs. The Defendant was aware of Plaintiff's injuries, as evidenced by him being aware of Plaintiff's broken arm and refusing to take him to the hospital or to allow a medic to treat Plaintiff. Defendant was aware that Plaintiff was at a risk of serious harm and continued pain if Plaintiff did not receive immediate treatment.

69. Plaintiff's medical diagnosis and condition or conditions was known or knowable to Defendant all times material. Despite their actual or imputed knowledge of the serious risk to Plaintiff's health, Defendant, through his deliberate indifference, failed or refused to provide Plaintiff with access to medical care requested by Plaintiff.  Had Defendant ensured that Plaintiff was properly treated in a timely manner, Plaintiff's pain and injuries would have been alleviated or limited.

70. As a direct, proximate, and foreseeable result of Defendant's deliberate indifference to Plaintiff's known serious medical needs, Plaintiff has suffered the injuries described in this complaint, including bodily injuries and resulting pain and

suffering, mental anguish, loss of ability to enjoy life, expenses of medical and nursing care and treatment, and other losses, including the aggravation of pre-existing conditions. These injuries and losses are continuing, and Plaintiff will suffer such losses in the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendants and for Plaintiff awarding damages to Plaintiff from Defendants for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendants and for Plaintiff permanently enjoining Defendants from future violations of the state and federal laws enumerated herein;

(e) enter judgment against Defendants and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demand a trial by jury on all issues set forth herein which are so triable.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing has been furnished to all counsel of record by CM/ECF this 15th day of February, 2024.

/s/ Marie A. Mattox
Marie A. Mattox